UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>Plaintiff,<br><br>v.<br><br>VIAPATH TECHNOLOGIES TOUCHPAZ HOLDINGS, INC., GLOBAL TEL LINK CORPORATION,<br><br>Defendants. | Case No. 1:24-cv-00004-HBK<br><br>ORDER TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE AS FRIVOLOUS[1]<br><br>(Doc. No. 5)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's First Amended Complaint. (Doc. No. 5, "FAC"). For the reasons set forth below, the undersigned recommends the district court dismiss the FAC as frivolous and lacking an arguable basis in fact or law.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). A complaint is "factual[ly] frivolous [ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not

1   sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.
2   *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not
3   required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
4   statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required
5   to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.
6   2009) (internal quotation marks and citation omitted).

7         If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant
8   is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v.*
9   *Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d
10  245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how
11  to cure the defects.  Such advice "would undermine district judges' role as impartial
12  decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131
13  n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad
14  faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by
15  amendments previously allowed . . .." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892
16  (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

18        Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, initiated this action by
19  filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  On February 15, 2024, the
20  undersigned screened Plaintiff's Complaint and found that it failed to state any cognizable
21  constitutional claim.  (*See* Doc. No. 4).  In particular, the Court found the Complaint was facially
22  deficient as Plaintiff failed to allege facts indicating that Global Tel Link. Corp. and Viapath
23  Touchpay Holdings are state actors.  (*Id*. at 4).  The Court afforded Plaintiff the opportunity to
24  file an amended complaint alleging facts showing that Defendants are state actors or voluntarily
25  dismiss his case.  (*Id*.).  Plaintiff timely filed a first amended complaint.  (Doc. No. 5) ("FAC").
26        The events in the FAC took place at Kern Valley State Prison ("KVSP").  (*See generally*
27  *id*.).  The FAC identifies the following Defendants: (1) Global Tel Link Corp.; (2) Gavin
28  Newsom; (3) California Department of Corrections and Rehabilitation ("CDCR"); and (4)

3

1   Viapath Tech, LLC. (*Id*. at 2-3). The FAC alleges claims for breach of contract, invasion of
2   privacy, and violations of the California Invasion of Privacy Act Section 631 and Federal Wiretap
3   Act, 18 U.S.C. § 2511 et seq. (*See generally id*.). As relief, Plaintiff seeks, $100 million for
4   emotional distress, $100 million for pain and suffering, $100 million for intentional infliction of
5   emotional distress, and $100 in punitive damages. (*Id*. at 5).

6   The FAC alleges the following facts. In 2022, Plaintiff was incarcerated at Kern Valley
7   State Prison and used telephones provided by Defendant Global Tel Link Corp. to call an
8   unspecified family member and friend to try to get in touch with rap star Todd "Too $hort" Shaw
9   about breaking into the entertainment business. (*Id*. at 3, 5). On an unspecified date, Plaintiff
10  was approached by inmate Yusuf LaBeau, who told Plaintiff he had pictures of Todd Shaw,
11  Snoop Dogg, and "other celebs" and that his brother Mario was a music producer who was
12  friends with Todd Shaw. (*Id*. at 5). Based on the conversation with LaBeau, Plaintiff concluded
13  that Global Tel Link Corp. was eavesdropping on Plaintiff in a conspiracy with LaBeau and
14  unspecified state officials to murder him. (*See generally id*. at 3-7).

15  Additionally, the FAC alleges that on "numerous occasion[s] in 2022" Viapath
16  Technologies gave Plaintiff a tablet to be used "for phone calls, text messaging, gaming, reading,
17  music, movies, and all other activities prisoner[s] are permitted to have while incarcerated in state
18  prison." (Doc. No. 5 at 7). Plaintiff "began reading books" using the tablet's library app, and at
19  some point in 2022 he discovered that Viapath "did not protect [his] privacy and [his] device was
20  hacked into and [Plaintiff] was eavesdropped on and the content [he] was reading . . . was being
21  monitored by a third party or non-third party member and was used to create content for
22  television shows CBS 'The Talk' and 'ABC 2022 ESPY Award Show' without [his] consent."
23  (*Id*. at 7-8).

24  **APPLICABLE LAW AND ANALYSIS**
25  **A. Rule 8**
26  As an initial matter, Plaintiff's FAC violates Rule 8 of the Federal Rules of Civil
27  Procedure because it does not provide dates of when any of the alleged violations occurred. *See*
28  *Cervantes v. Elsen*, 2023 WL 3483292 (N.D. Cal. May 15, 2023) (allegations that the misconduct

4

occurred from 2022 to 2023 was not a specific date); *Valenzuela v. Monson*, 2020 WL 1812043, at *2 (D. Ariz. Apr. 8, 2020); *Fisher v. Washington State Department of Corrections*, 2019 WL 1745086, at *1 (W.D. Wash. Apr. 18, 2019) (the complaint violated Rule 8 of the Federal Rules of Civil Procedure because, among other reasons, it did not provide a specific date and therefore it did not "provide the defendants fair notice of what the claim is . . ."); *Walker v. Muniz*, 2019 WL 2359229, at *4 (N.D. Cal. Jun. 4, 2019) (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) when explaining the specific date must be alleged to meet the requirement of giving defendants fair notice); *McIntosh v. City of L.A.*, 2005 U.S. Dist. LEXIS 53641, at *5 (C.D. Cal. Jul. 21, 2005) (citing *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)). The FAC does not allege when unspecified parties eavesdropped on Plaintiff's phone calls or conspired to murder him, nor when unspecified parties hacked into his tablet and used content to create television shows other than a vague allegation that it occurred numerous times in 2022. Here, the FAC fails to provide any dates when any improper acts took place. Thus, the Court cannot reasonably infer that any Defendant is liable for the misconduct alleged.

### B. Viapath Technologies and Global Link Are Not State Actor Against

Plaintiff brings his FAC under 42 U.S.C. § 1983. (Doc. No. 1 at 3). Section 1983 actions can be asserted only against state actors, or, in very limited circumstances, against private actors acting under color of law. *Scott v. Thompson*, 2020 WL 6047754, at *2 (D. Idaho Oct. 13, 2020). It is presumed that private conduct does not constitute governmental action. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). Indeed, in the FAC, Plaintiff acknowledges that his grievances were denied at all levels by CDCR officials because "they have nothing to do with private party misconduct." (Doc. No. 5 at 2).

For private conduct to constitute governmental action, "something more" must be present. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Courts have used four different factors to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. *Id.*; *Sutton v. Providence St.*

1  *Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999).  "While these factors are helpful in
2  determining the significance of state involvement, there is no specific formula for defining state
3  action."  *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).  A section 1983 plaintiff has the
4  burden to plead and prove that a private party acted under color of state law.  *See Tsao v. Desert*
5  *Palace*, Inc. 698 F.3d 1128, 1139-40 (9th Cir. 2012).

6        The FAC asserts that "[t]he government of California runs the California state prison
7  system and has given defendants G.T.L. Corp consent to monitor and record all calls made by
8  inmates housed in any jail or state prison in California jurisdiction." (Doc. No. 5 at 5).  Further,
9  the FAC alleges that after Plaintiff called his family friend about breaking into the entertainment
10 industry, "G.T.L. corp gave this information to state officials who relayed this information to a
11 government informant who works for the state creating dual participation in the enterprise in a
12 conspiracy against Plaintiff." (*Id*.).  Thus, liberally construed, the FAC contends that G.T.L. is a
13 state actor because it is participating in a conspiracy against Plaintiff by spying on him and
14 sharing information with unspecified "state officials." (*Id*.).  While the facts alleged at the
15 pleading stage are generally to be accepted as true, a court does not have to accept as true
16 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western*
17 *Mining Council*, 643 F.2d at 624.  Here, Plaintiff's allegations of a conspiracy are wholly
18 conclusory and unsupported by any allegations of fact.  Nor does the FAC otherwise allege facts
19 to support the finding that Defendants G.T.L. Corp and Viapath LLC are state actors.  Thus,
20 Plaintiff cannot allege a section 1983 action against G.T.L. Corp and Viapath.  Even assuming
21 Defendants G.T.L. Corp and Viapath are state actors, not conceded, Plaintiff's claims against
22 them, as discussed forth below, are frivolous and lack an arguable basis in law or fact.

23       **C.  Claims Against Newsom and CDCR Barred by Eleventh Amendment Immunity**
24       The FAC names Gavin Newsom, the current Governor of California and the California
25 Department of Corrections as Defendants and seeks only money damages.  Claims against the
26 State of California or is agencies, or any of the defendants in their official's capacity, seeking
27 only monetary damages are barred by the Eleventh Amendment.  U.S.Const., Amend. XI;
28 *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Penhurst State School & Hospital v. Halderman*,

465 U.S. 89, 100 (1984); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

**D. Conspiracy**

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another, which results in damage. *Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir. 1999). To prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Id.* To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id.* A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions. *Id.* at 856–57.

Conclusory allegations of conspiracy are not enough to support a § 1983 conspiracy claim. *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Although an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown," *Woodrum v. Woodward County,* 866 F.2d 1121, 1126 (9th Cir. 1989), "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." *Mendocino Environmental Center v. Mendocino County,* 192 F.3d 1283, 1302 (9th Cir. 1999). Thus, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id.* at 1301.

Plaintiff here alleges the existence of a vast conspiracy to murder him involving unnamed state officials, government informants, private corporations, and prison staff. (*See generally* Doc. No. 5). However, Plaintiff's only evidence to support his claim of a murderous conspiracy is (1) an unremarkable conversation he had with a fellow inmate about the rapper Too $hort and (2) his implausible assertion that two broadcast television shows were based on the material he read on his prison tablet. These claims, simply put, are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Plaintiff's allegations

7

rise to the level of the irrational or the wholly incredible, and thus should be dismissed as frivolous under 28 U.S.C. 1915A. *See Denton*, 504 U.S. at 25-26.

## CONCLUSION AND RECOMMENDATION

Based on the above, the undersigned finds Plaintiff's First Amendment Complaint is based on indisputably meritless legal theories and lacks and arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325. Consequently, the undersigned recommends Plaintiff's FAC be dismissed without prejudice.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court is mindful that it must liberally construe the inartful pleading of pro se litigants. In this instance, the Court finds no amendment could cure the deficiencies and frivolous nature of Plaintiff's petition and therefore, less drastic alternatives to dismissal are unnecessary. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (because plaintiff's claims are frivolous "there is by definition no merit to the underlying action and so no reason to grant leave to amend."). Accordingly, the Court finds that granting leave to amend would be futile and recommends this action be dismissed without prejudice and without leave to amend.

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

The First Amended Complaint (Doc. No. 5) be dismissed under § 1915A as frivolous and for failing to state a claim and this case be dismissed without further leave to amend.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned,

8

1  "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge
2  will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's
3  failure to file objections within the specified time may result in the waiver of certain rights on
4  appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     April 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE